IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSTELL N. AKRIE,<br><br>        Plaintiff.<br><br>  v.<br><br>AVIS RENT A CAR SYSTEM, INC., McCANN-ERICKSON USA, INC., and JOHN DOES 1-50,<br><br>        Defendants. | No. C 04-5248 SBA<br><br>**ORDER**<br><br>[Docket No. 44] |

This matter comes before this Court on Defendants' Motion for Summary Adjudication (Docket No. 44). Plaintiff wrote a piece of music entitled "Every Time I Feel Blue" in 1962 and copyrighted the piece in 1982. Plaintiff claims that Defendants infringed his copyright by using "Every Time I Feel Blue" as the music for an advertising campaign which ran in 2002-2004.

Defendants argue that there is no genuine issue of material fact with respect to whether they had access to Plaintiff's copyrighted work. Defendants also argue that there is no genuine issue of material fact regarding whether the alleged infringement caused any of Avis' profits, and thus Plaintiff is not entitled to a portion of those profits.

Under Federal Rule of Civil Procedure 56, this Court may properly grant a motion for summary judgment if the pleadings and materials demonstrate that there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A motion for summary adjudication is analyzed under the same standards as a motion for summary judgment. *See Mannick v. Kaiser Foundation Health Plan, Inc.*, 2006 WL 2168877 at *15

(N.D. Cal. July 31, 2006).

**a. Access**

Absent direct evidence of copying, copyright infringement is proved by showing that the defendant had access to the plaintiff's work and that the two works are "substantially similar." *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). Access means that the defendant had a reasonable opportunity to view or copy the plaintiff's work. *Id*. at 482 (quoting *Sid and Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1172 (9th Cir. 1977). A "bare possibility" of access is insufficient to create a genuine issue of material fact. *Jason v. Fonda*, 698 F.2d 966, 967 (9th Cir. 1982).

Avis entered into a contract with Plaintiff in 1970, pursuant to which Plaintiff gave Avis a recording of "Everytime I Feel Blue" for use in an Avis training film. Plaintiff was paid $1,500 for the recording. This is sufficient to raise a triable issue of fact with respect to whether Defendants had access to Plaintiff's work.

**b. Damages**

To survive summary judgment, a copyright plaintiff seeking to recover the defendant's profits "must proffer some evidence to create a triable issue regarding whether the infringement at least partially caused the profits that the infringer generated as the result of the infringement." *Mackie v. Rieser*, 296 F.3d 909, 911 (9th Cir. 2002). Thus, there is a two-step framework for recovery of indirect profits: the plaintiff must show a causal nexus between the infringement and the defendant's gross revenue, and then the defendant "bears the burden of apportioning the profits that were not the result of infringement." *Polar Bear Productions v. Timex*, 384 F.3d 700, 711 (9th Cir. 2004). This Court "may deny recovery of a defendant's profits if they are only remotely or speculatively attributable to the infringement." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 517 (9th Cir. 1985).

Plaintiff has presented expert evidence that the advertising campaign resulted in increased revenues to Avis, and that the music played an important role in the success of the campaign. This evidence is disputed, but at this stage, this Court's function is not to make credibility determinations. *Anderson*, 477 U.S. at 249. Plaintiff has created a triable issue of fact with respect to whether the alleged infringement at least partially caused Avis' profits.

1  Accordingly, IT IS HEREBY ORDERED THAT Defendant's motion for summary adjudication
2  is DENIED.
3  IT IS SO ORDERED.

5  Dated: 9/6/06  

SAUNDRA BROWN ARMSTRONG
United States District Judge

United States District Court
For the Northern District of California